IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SAMUEL GRIMES, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 05-CV-4281-SOW |
| v. | ) |
| | ) |
| UNIVERSITY OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court are defendant University of Missouri's Motion to Dismiss the Amended Complaint of Purported Defendant "University of Missouri" (Doc. # 23) and Defendant Ward Childers' Motion to Dismiss (Doc. .# 24). Both motions are fully briefed and ready for ruling. For the reasons stated below both motions are granted in part and denied in part. The Court will discuss each defendant separately.

I. Defendant University

A. Background

Plaintiff Samuel Grimes ("Samuel" or "Mr. Grimes") is a former employee of the University of Missouri ("University"). He was employed as Technical Director of its Cardiac Vascular Laboratory at the Columbia Regional Hospital ("Hospital"). Plaintiff alleges that he became sick with lupus during his employment and was still expected to work more than full-time without accommodations and was threatened that if he did not continue to work full-time without accommodations, he would be terminated. At some point, plaintiff was terminated.

Plaintiffs Samuel and Reita Grimes filed an Amended Complaint against purported

defendant The Curators of the University of Missouri and the Hospital,[1] alleging five counts. Under Count II, plaintiff Grimes alleges that he was discriminated against by the University, his former employer, in violation of the Americans with Disabilities Act (ADA). Under Count III, Samuel Grimes alleges that University violated the Family and Medical Leave Act (FMLA). In Count IV, Samuel Grimes alleges that the University discriminated against him in violation of the Missouri Human Rights Act (MHRA). Finally, in Count IX, Samuel Grimes seeks punitive damages against the University. In Count XI, plaintiff Reita Grimes ("Reita" or "Mrs. Grimes"), the spouse of plaintiff Samuel Grimes, seeks damages for alleged loss of consortium and alleged assault. Defendant University asserts that these Counts are all barred by the Eleventh Amendment to the United States Constitution and should be dismissed. Plaintiffs argue that their case should not be dismissed on several grounds, including: defendant University has waived their Eleventh Amendment Sovereign Immunity by accepting federal funds, the Eleventh Amendment has been abrogated, and defendant's actions are egregious, intentional, and violated plaintiffs' Fourteenth Amendment due process and constitutional rights. The Court will consider the University's dismissal from each Count in turn.

When ruling on a motion to dismiss, all inferences are construed in a light most favorable to the plaintiff, and all allegations are assumed to be true. See Wirth v. College of the Ozarks, 26 F. Supp.2d 1185, 1186 (W.D. Mo. 1998).

## B. Discussion

---

[1] Plaintiffs apparently assert that Columbia Regional Hospital is a separate defendant. The University has informed the Court that Hospital is not a legal entity amenable to suit, as it is part of the University. Furthermore, Hospital is not identified as a separate defendant in the caption or in the body of the Amended Complaint. Therefore, for the purposes of this litigation, Hospital is not a separate defendant, rather is part of defendant University.

1. Count II - ADA claim

Plaintiffs have brought their action for damages and other relief against defendant University for employment discrimination and violation of the ADA under Titles I, II, and III.

It is clear that Title III of the ADA applies to private entities providing public accommodations, not to public entities. DeBord v. Bd. of Educ. of the Ferguson-Florissant Sch. Dist., 126 F.3d 1102, 1106 (8th Cir. 1997). Since the University is a public corporation of the State of Missouri and an instrumentality of the State, it is not a private entity, and thus is not subject to suit under Title III of the ADA. See Sherman v. The Curators of the University of Missouri, 871 F. Supp. 344 (W.D. Mo. 1994) (this Court held that the University is an alter ego or instrumentality of the State).

Next, defendant University argues that plaintiffs' claims against the University under Titles I and II of the ADA are barred by the Eleventh Amendment. The Eleventh Amendment prohibits private parties from suing a state in federal court. Eleventh Amendment immunity extends to instrumentalities of the State acting as an "arm of the State." Sherman, 871 F. Supp. at 346 (quoting Mt. Healthy City Sch. Dist. v. Doyle, 429 U.S. 274, 280 (1977)). A state may be amendable to suit if the State has waived its immunity or Congress has abrogated the state's immunity by "unequivocally express[ing] its intent to abrogate the immunity." Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000); Doe v. Nebraska, 345 F.3d 593, 597 (8th Cir. 2003).

The United States Supreme Court has held that Congress did not validly abrogate the Eleventh Amendment when it enacted Title I of the ADA, and thus, states have Eleventh Amendment immunity from suit under Title I of the ADA. Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 374 (2001). With regard to Title II, the Eighth Circuit has held that there was no valid abrogation of the state's Eleventh Amendment immunity from

private suit in federal court under Title II of the ADA, except in cases involving allegations of denial of access to courts.  See Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc).  Accordingly, the Court finds that in passing Titles I and II of the ADA, Congress failed to abrogate the immunity pursuant to a valid exercise of power.

Regarding waiver, plaintiff's argument is that the University has waived its Eleventh Amendment immunity from suit under the ADA by accepting and receiving federal funds.  "A state may waive its sovereign immunity . . . by voluntarily participating in federal spending programs where Congress expressed a clear intent to condition receipt of federal funds on a state's consent to waive its sovereign immunity."  Doe, 345 F.3d at 597.

In this case, there has been no waiver of the University's Eleventh Amendment immunity under the ADA.  There is no evidence that under the ADA states that accept federal funds are required by statute to waive their Eleventh Amendment immunity.

Accordingly, the University is dismissed from Count II based on immunity.

2. Count III - FMLA claim

In Count II of the Amended Complaint, plaintiffs seek damages and other relief for an alleged violation of the self-care provisions of the FMLA.  In Townsel v. State of Missouri, 233 F.3d 1094 (8th Cir. 2000), the Eighth Circuit held that Congress did not validly abrogate the states' Eleventh Amendment immunity with respect to the FMLA.  Subsequently, the United States Supreme Court held that Congress did effect a valid abrogation of the Eleventh Amendment with respect to the FMLA's family-care provision.  Nevada Dept. of Human Resources v. Hibbs, 538 U.S. 721 (2003).  The Hibbs holding is limited to the family-care provision of the FMLA.  Accordingly, the Eighth Circuit's holding in Townsel applies to the self-care provision at issue in this case.  Therefore, Congress has not validly abrogated the states'

Eleventh Amendment immunity with respect to the self-care provision of the FMLA.  See

Brockman v. Wyoming Dept. of Family Services, 342 F.3d 1159, 1165 n.3 (10th Cir. 2003)

(Hibbs overruled Townsel only with respect to the family-care provision of the FMLA).

Plaintiffs recognize and comment that the Hibbs opinion engaged in "tortured logic" and "shows the sorry state of affairs under sovereign immunity."  While these opinions are noted, plaintiffs fail to make a legal argument to this Court that would refute the fact that Congress has not validly abrogated the states' Eleventh Amendment immunity with respect to the self-care provision of the FMLA, the very provision that is at issue in this case.

Accordingly, plaintiffs' claim in Count III of the Amended Complaint is barred by the Eleventh Amendment and is dismissed.

3. Count IV and XI - Missouri state law claims

In Count IV of the Amended Complaint, plaintiff Samuel Grimes seeks damages and other forms of relief from the University for an alleged violation of the MHRA.  In Count XI of the Amended Complaint, plaintiff Reita Grimes seeks damages for an alleged assault and alleged loss of consortium under Missouri law.

With regard to these state law claims, the University has immunity under the Eleventh Amendment.  None of these state law claims have been brought pursuant to any statute containing an unequivocal expression of intent by Congress to abrogate the Eleventh Amendment immunity.  There has also been no allegation that the University has waived its immunity.  Plaintiffs argue that by enacting the MHRA, the State of Missouri has consented to suits for disability discrimination in federal courts.  This argument fails.  The Supreme Court has stated that "in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, its must specify the State's intention to subject itself to suit in

federal court." Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1984). There has been no expression in the MHRA of the State's intention to subject itself to suit in federal court.

Accordingly, plaintiffs' state law claims are barred by the Eleventh Amendment.

4. Count IX - Punitive damages

In Count IX, Samuel Grimes seeks punitive damages against the University. As set forth above, plaintiffs' ADA, FMLA, and state law claims are barred by the Eleventh Amendment. Accordingly, the sole remaining cause of action against the University in this matter is plaintiff Samuel Grimes' claim under Section 504 of the Rehabilitation Act, and punitive damages are not an available remedy in Section 504 actions. Barnes v. Gorman, 536 U.S. 181, 189 (2002).

Plaintiffs' claim for punitive damages against the University is dismissed.

## C. Conclusion

This Court dismisses Counts II, III, IV, IX, and XI of plaintiffs' Amended Complaint against the University based on Eleventh Amendment immunity. Accordingly, this Court lacks subject matter jurisdiction over these claims. The only remaining claim against the University is Count I.

## II. Defendant Childers

### A. Background

Plaintiff also brings this cause of action against Defendant Ward Childers ("Childers"). Childers moves this Court for its Order, pursuant to Fed. R. Civ. P. 12(b), dismissing several claims in plaintiffs' Amended Complaint against Childers. Plaintiffs have filed an Amended Complaint against Childers in both his official and individual capacities. Childers was Mr. Grimes supervisor at the Hospital. Purportedly, plaintiff informed Childers of his illness and need for reasonable accommodations and Childers refused to accommodate plaintiff's requests.

The claims alleged against Childers are as follows: Count V seeks damages and other relief against defendant Childers for an alleged violation of the FMLA. Count VI seeks damages and other relief against Childers for an alleged violation of the Section 504 of the Rehabilitation Act. Count VII of the Amended Complaint seeks damages and other relief against Childers for an alleged violation of the MHRA. Count VIII seeks damages and other relief against Childers for alleged intentional infliction of emotional distress (IIED), while Count X of the Amended Complaint seeks punitive damages against defendant Childers. Finally, in Count XI, plaintiff Reita Grimes seeks damages against Childers for alleged loss of consortium and alleged assault. Childers argues that all claims against him are subject to dismissal, either for failure to state a claim upon which relief can be granted, or because this Court lacks subject matter jurisdiction to hear the claims against him. The Court will consider the Childers' dismissal from each Count in turn.

B. Discussion

1. Count V - FMLA claim - official capacity

In Count V of the Amended Complaint, Mr. Grimes seeks damages and other relief against defendant Childers under the self-care provision of the FMLA. A suit seeking damages against a state official in his official capacity is treated as a suit against the State. Hafer v. Melo, 502 U.S. 21, 25 (1991). The immunities available to the individual defendant in an official capacity action seeking damages are the same immunities enjoyed by the state entity. Id.

As noted above, Congress has not validly abrogated the states' Eleventh Amendment immunity with respect to the self-care provision of the FMLA. Plaintiffs' claim against Childers in his official capacity is barred by the Eleventh Amendment. Defendant Childers informs the Court that he has not sought dismissal of plaintiffs' claims under the FMLA against him in his

individual capacity, or in his official capacity seeking injunctive relief. Accordingly, these claims remain.

2. Count VI - Section 504 of the Rehabilitation Act - individual capacity

In Count VI of the Amended Complaint, Mr. Grimes seeks damages and other relief against defendant Childers in both his official and individual capacities under Section 504 of the Rehabilitation Act. Defendant Childers argues that he is not a proper defendant in his individual capacity.

An essential element of a claim under Section 504 of the Rehabilitation Act is that the entity against whom the claim is being made received federal funding. Gieseking v. Schafer, 672 F. Supp. 1249, 1262 (W.D. Mo. 1987). Plaintiffs' Amended Complaint contains no allegations that individual defendant Childers has received federal funding. Employees of the recipients of federal financial assistance are not in themselves the recipients of such assistance. Grzan v. Charter Hospital of Northwest Indiana, 104 F.3d 116, 120 (7th Cir. 1997). The Court agrees.

Accordingly, the claim against Childers in his individual capacity under Section 504 is dismissed. The claims against Childers in his official capacity under Section 504 remains.

3. Count VII - MHRA claim - individual and official capacities

In Count VII of the Amended Complaint, Mr. Grimes seeks damages and other relief against defendant Childers in both his individual and official capacities under the MHRA.

The Court agrees that plaintiffs' claim against Childers in his official capacity for damages is barred by the Eleventh Amendment. As noted above, the University is immune from suit under the MHRA and therefore is dismissed against Childers. See Hafer, 502 U.S. at 25 (a suit seeking damages from a state official in his official capacity is treated as a suit against the State).

The Court also agrees that plaintiffs' claim under the MHRA in his individual capacity is barred by the Eleventh Amendment. The Court finds that under the present law in the Eighth Circuit, there is no individual liability under the MHRA. Defendant University argues that Lenhardt v. Basic Institute of Technology, 55 F.3d 377 (8th Cir. 1995), is controlling on the issue of whether there is individual liability under the MHRA. In Lenhardt, the Eighth Circuit addressed whether the Missouri Supreme Court would hold that an individual officer or an employee can be held liable as an employer under the MHRA. The Eighth Circuit predicted that the Missouri Supreme Court would not find individual liability under the MHRA.

The Court recognizes that other courts that have addressed the issue of individual liability under the MHRA have reached differing conclusions. See Garrett v. Ball Metal Beverage Container Corp., et. al., case no. 05-0068-CV-W-ODS (W.D. Mo. 2005) (concluding that there is a reasonable basis for predicting that the Missouri Supreme Court might impose individual liability under the MHRA and finding that Lenhardt was merely a prediction). Yet, the district court cases have so held in the context of motions to remand the case back to a Missouri state court.

Therefore, plaintiffs' claims against defendant Childers in both his individual and official capacities seeking damages under the MHRA are dismissed. Defendant Childers informs the Court that at this time dismissal is not sought with respect to plaintiffs' claim under the MHRA seeking injunctive relief against Childers in his official capacity. Accordingly, this claim remains.

4. Count VIII - IIED - individual and official capacities

Next, plaintiff seeks damages against defendant Childers for IIED in his individual and

official capacities. The parties are in agreement that to state a claim for IIED the jury must find egregious and outrageous conduct. To state a cause of action for IIED under Missouri law, a plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. banc 1997).

Childers moves to dismiss this Count because plaintiffs have failed to include any allegations of conduct by defendant Childers in this matter that are so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable. The Court finds that plaintiffs have stated allegations in their Amended Complaint, which if proven true, could constitute extreme and outrageous conduct. At this stage in the litigation, the Court believes that allegations have been asserted that taken as true could constitute extreme and outrageous conduct.

Accordingly, plaintiffs' claim for IIED against defendant Childers in his individual capacity remains. Any claim against defendant Childers in his official capacity is barred by Eleventh Amendment immunity.

5. Count X - Punitive damages

Based on the above, the claims that remain against defendant Childers are: plaintiff Samuel Grimes' claim under the FMLA against defendant Childers in his individual capacity, and in his official capacity for injunctive relief; plaintiff Samuel Grimes' claim under Section 504 against defendant Childers in his official capacity; plaintiff Samuel Grimes' claims under the MHRA against defendant Childers in his official capacity seeking injunctive relief; and plaintiff Samuel Grimes' claim of IIED against defendant Childers in his individual capacity.

The Court recognizes that punitive damages are not available for any of these causes of

action except IIED. If successful in his action, plaintiff could recover punitive damages against defendant Childers for IIED.

Accordingly, plaintiffs' claim for punitive damages for IIED remains.

6. Count XI - Loss of consortium and assault

In Count XI of the Amended Complaint, plaintiff Reita Grimes seeks to state two claims for damages: one for loss of consortium and one for assault.

In Missouri, a wife can maintain a cause of action for loss of consortium because of injuries to her husband negligently inflicted by a third party. Shepherd v. Consumers Coop. Assoc., 384 S.W.2d 635 (Mo. banc 1694). Defendant Childers notes in his brief that the only claim in this matter that might support Mrs. Grimes' claim for loss of consortium is Samuel Grimes' claim for IIED. Childers assumed that the Court would dismiss this claim. The Court has not dismissed this claim and accordingly Mrs. Grimes' claim for loss of consortium at this stage in the litigation survives. The Court has jurisdiction over such a claim because it is derivative of Mr. Grimes' claim for IIED.

Next, Mrs. Grimes asserts an assault claim. This claim fails. Under Missouri law, an assault is an unlawful attempt to injure another individual with the present ability to carry out the attempt, and the attempt must occur under circumstances that create a fear of imminent peril. Adler v. Ewing, 347 S.W.2d 396 (Mo. Ct. App. 1961). Mrs. Grimes has failed to plead a cause of action for assault, as she has not pled that she was in fear of imminent peril.

## C. Conclusion

This Court dismisses Count V of plaintiffs' Amended Complaint against defendant Childers in his official capacity, Count VI against plaintiff in his individual capacity, Count VII against defendant Childers in both his individual and official capacities seeking damages, Count

VIII against defendant Childers in his official capacity, Count X against defendant Childers for all claims except IIED, and Count XI against defendant Childers for assault.

The only remaining claims against the defendant Childers are: Count V in his individual capacity, and in his official capacity for injunctive relief; Count VI in his official capacity, Count VII in his official capacity seeking injunctive relief, Count X for punitive damages related to their IIED claim only, and Count XI for loss of consortium.

Accordingly, based on the above, it is hereby

ORDERED that defendant University of Missouri's Motion to Dismiss the Amended Complaint of Purported Defendant "University of Missouri" (Doc. # 23) is granted in part and denied in part. It is further

ORDERED that Defendant Ward Childers' Motion to Dismiss (Doc. .# 24) is granted in part and denied in part.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: April 3, 2006